Vázquez, Recurrente, *v.* El Registrador, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 162.—Resuelto en diciembre 5, 1913.

Ventas Judiciales—Cumplimiento de Sentencias Dictadas por las Cortes Municipales—Requisitos que Debe Tener la Escritura de Venta por el Marshal.—Cuando el márshal de una corte municipal otorga escritura de venta para cumplimentar una sentencia dictada por una corte municipal, el notario ante quien se otorga la escritura debe transcribir la sentencia en la misma e insertar además aquellas constancias de los autos que demuestren que la corte adquirió jurisdicción sobre la persona del demandado para dictar dicha sentencia, y en el caso de que la escritura no contenga esas inserciones, el comprador debe presentar al registrador certificación del secretario de la corte municipal de las constancias del pleito necesarias para justificar dichos extremos, pues sin requisitos de esa naturaleza la escritura no es inscribible.

Id.—Sentencias Dictadas por las Cortes Municipales—Presunciones.—No siendo las cortes municipales cortes de registro las sentencias que dictan no tienen a su favor la presunción de que han sido dictadas con jurisdicción para ello, sino que por el contrario es necesario probar que existió dicha jurisdicción cuando se trata de inscribir en el registro una escritura de venta otorgada por el marshal de una corte municipal en cumplimiento de una sentencia, no siendo suficiente la presentación del mandamiento de ejecución ni de la sentencia.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. Vicente F. Rodríguez Ortiz.*
El recurrido no compareció.
El Juez Asociado Sr. Wolf emitió la opinión del tribunal.
Habiendo obtenido Félix Vázquez Ortiz una orden de eje-

cución de sentencia en la Corte Municipal de Cayey contra la Sucesión de Enrique Domínguez, procedió a embargar una finca de la propiedad de dicha sucesión. Anunciada a su debido tiempo la subasta de la finca por el márshal, fué vendida la misma por éste al peticionario. La escritura otorgada por el márshal se presentó al Registrador de la Propiedad de Guayama y fué inscrita pero haciéndose constar el defecto subsanable de no acreditarse que las personas que componían la Sucesión de Enrique Domínguez hubieran sido citadas y emplazadas, ni en qué forma se verificó la citación como exigen los artículos 89, 92 y 96 del Código de Enjuiciamiento Civil; no constando tampoco que dichos demandados se sometieran a la jurisdicción de la referida corte municipal.

Alega el recurrente que la ley no exige que se consignen las formas y trámites en la orden de ejecución para que se dicte sentencia. Tal vez el recurrente tiene razón al hacer esta alegación y probablemente la venta hecha en este caso es perfectamente válida y susceptible de ser probada de tal modo su validez; pero la cuestión que ha de resolverse cuando están envueltos los derechos de terceras personas es si el registrador tiene derecho a exigir al recurrente que pruebe su título.

Ya hemos resuelto en el caso de *Carbonell* v. *El Registrador*, 16 D. P. R., 440, que cuando se obtiene una sentencia en rebeldía y la venta se verifica de conformidad con la misma, estará justificado el registrador al negar la inscripción de la escritura si no ha quedado probada la forma en que se obtuvo la sentencia en rebeldía. En el caso de referencia la corte tuvo oportunidad de expresar que el notario pudo haber consignado lo omitido en la sentencia, o sea el modo como se obtuvo la rebeldía. Aunque el recurso que ahora consideramos no es un caso en el que conste que se ha dictado sentencia en rebeldía, no existe, sin embargo, prueba alguna de cómo adquirió jurisdicción la corte municipal para dictar sentencia contra los demandados, ni contiene la escritura la copia de la sentencia, así como tampoco algo que de-

muestre que se ha celebrado un juicio o que los demandados se hayan sometido a la jurisdicción de la corte. No existen presunciones en favor de las sentencias de las cortes municipales por no ser éstas cortes de registro. *Galpin* v. *Page,* 98 Wallace, 365, 366; *Hahn* v. *Kelly,* 34 Cal., 391; 94 Am. Dec., 742; *McDonald* v. *Prescott,* 90 Am. Dec., 517, 519. Cuando la sentencia se obtiene en una corte de jurisdicción limitada, y como en este caso, se trata de adquirir un título contra todo el mundo, la persona que solicite la inscripción de su título tendrá la obligación de probar no solamente la venta verificada en pública subasta, sino también la facultad que tenía el marshal para llevar a cabo dicha venta. Esa prueba, tratándose de una corte municipal no resulta de la mera presentación de la orden de ejecución, ni siquiera de la sentencia misma, sino que deberá probarse asimismo la jurisdicción que tenía la corte para dictar dicha sentencia. En otras palabras, en el caso concreto sometido a nuestra consideración debe probarse que la corte adquirió jurisdicción sobre las personas de los demandados.

Por consiguiente, cuando el marshal otorga escritura de venta a un comprador, generalmente el notario debe incluir la sentencia en la escritura, mostrando además que la corte municipal tenía jurisdicción para dictarla. Y no apareciendo de la referida escritura dicha jurisdicción, los hechos relativos a la misma deberán acreditarse mediante prueba de otra procedencia, quizás por la certificación del secretario de la corte municipal.

Debe confirmarse la nota recurrida.

*Confirmada.*


Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.