HERNÁNDEZ MENA, RECURRENTE, *v.* EL REGISTRADOR DE MAYAGÜEZ, RECURRIDO

RECURSO gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegando anotación de embargo.

No. 233.—Resuelto en julio 6, 1915.

RECURSO GUBERNATIVO—ALEGATO DEL RECURRENTE—HECHOS QUE NO APARECEN DE LOS DOCUMENTOS PRESENTADOS AL REGISTRADOR.—Cuando en el alegato escrito del recurrente se relacionan hechos que no aparecen de los documentos que el registrador tuvo ante sí para su resolución, se prescindirá de ellos al resolver el recurso.

SENTENCIA—SENTENCIA CONTRA UNO DE LOS CÓNYUGES—BIENES DE LA SOCIEDAD DE GANANCIALES.—El hecho de que una sentencia se dicte contra una per-

sona estando casada no es suficiente para llegar a la conclusión de que la obligación que originó la condena fué contraída durante el matrimonio en algún caso en que ella podía obligar a los bienes de la sociedad de gananciales.

ANOTACIÓN DE EMBARGO—DEUDA DE LA ESPOSA—BIENES INSCRITOS A NOMBRE DE LA ESPOSA—BIENES DE LA SOCIEDAD DE GANANCIALES.—Cuando de los documentos presentados al registrador para que tome anotación de embargo trabado contra bienes de la esposa no aparece que se haga para responder de obligación contraída por ella en ocasión en que legalmente podía obligar a la sociedad de gananciales, ni que siendo contraída antes del matrimonio se haya ordenado por no tener bienes suficientes para responder de la deuda, procede correctamente el registrador que se niega a anotar en tales condiciones un embargo trabado contra bienes, que aunque inscritos a nombre de la esposa, pertenecen a la sociedad de gananciales.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El registrador recurrido, Sr. Joaquín Servera Silva, compareció también en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En virtud de una orden de ejecución librada en el pleito que Agustín Hernández Mena siguió en la Corte Municipal de Mayagüez contra Alejandrina Blanco Ramírez, Jaime Zapata y Pedro Arán sobre indemnización para cumplir la sentencia que condenó a los demandados a pagar la cantidad de $490.87, el márshal de ese tribunal libró mandamiento al Registrador de la Propiedad de Mayagüez para que tomase anotación del embargo que había trabado sobre dos fincas que reseñó con las letras A y B.

El mandamiento fué presentado en el Registro acompañado de una copia de la orden de ejecución, de la sentencia dictada en el pleito y de la de otro pleito seguido por Alejandrina Blanco Ramírez y Francisco Arán Cuascú contra Agustín Hernández Mena, Emilio Arán y otros en la que entre otras cosas se declaró que siete octavas partes de una casa en la calle de Oriente de Mayagüez son de la propiedad de la sociedad de gananciales de Alejandrina Blanco Ramírez con su esposo Emilio Arán Cuascú.

El registrador hizo la anotación de embargo en cuanto a la finca reseñada con la letra B pero la negó en cuanto a la descrita con la letra A, que es el condominio de siete octavas partes de la casa de la calle de Oriente de que se ha hecho mención, por el fundamento de que teniendo tal condominio el concepto de bien ganancial porque fué adquirido por Alejandrina Blanco Ramírez durante su matrimonio por adjudicación en pago de un crédito adquirido también estando casada, y por haber sido así declarado expresamente en la sentencia acompañada con el mandamiento, se observa que el pleito en que se decretó el embargo no fué seguido contra la sociedad conyugal dueña del condominio, sino únicamente contra uno de los consortes, Alejandrina Blanco Ramírez, persona diferente de la sociedad conyugal quien no tiene su representación legal.

Contra esta negativa interpuso Agustín Hernández Mena el presente recurso gubernativo presentando un alegato escrito en el que relaciona ciertos hechos en los apartados I, II, III que no aparecen de los documentos que el registrador tuvo ante sí para su resolución, por lo que prescindiremos de ellos. *Cadilla* v. *El Registrador* y *Pomales* v. *El Registrador,* 19 D. P. R., 80 y 947 respectivamente.

El recurrente reconoce que el condominio de siete octavas partes sobre el cual trata de anotar el embargo, inscrito a nombre de Alejandrina Blanco Ramírez, pertenece a la sociedad de gananciales que lleva con su esposo Emilio Arán Cuascú, pero sostiene que debe responder de la deuda que se le cobra porque fué originada durante el matrimonio con conocimiento y consentimiento del esposo y porque la sentencia condenatoria fué dictada estando casada.

El primer fundamento no lo consideraremos porque descansa en los hechos consignados en los tres primeros párrafos de su alegato que no aparecen de los documentos presentados al registrador; y en cuanto al segundo, el hecho de que la sentencia se dictara contra Alejandrina Blanco Ramírez siendo casada, no es suficiente para llegar a la conclu-

sión de que la obligación que originó la condena fué contraída durante el matrimonio en algún caso en que ella podía obligar a los bienes de la sociedad de gananciales.

El procedimiento se dirigió únicamente contra la esposa y con tal. antecedente no cabe presumir que la corte haya decretado el embargo de bienes de la sociedad conyugal.

El artículo 1323 del Código Civil hace responsables a los bienes de la sociedad conyugal de las deudas contraídas durante el matrimonio por el marido y de las de la mujer en los casos en que legalmente pueda obligar a la sociedad; y el 1325 de las deudas contraídas con anterioridad al matrimonio cuando el cónyuge deudor no tuviere capital propio o fuera insuficiente, después de cubiertas las atenciones que enumera el artículo 1323.

De los documentos presentados al registrador no aparece que el embargo se hace para responder de obligación contraída por la esposa en ocasión en que legalmente pudo obligar a la sociedad de gananciales, ni que siendo contraída antes del matrimonio se haya ordenado por no tener bienes propios suficientes para responder de ella, y por tanto el registrador procedió correctamente al negarse a anotar en esas condiciones embargo contra bienes que, aunque inscritos a nombre de la esposa, pertenecen a la sociedad conyugal.

El caso de *Truyol* v. *El Registrador,* 18 D. P. R., 937 que el recurrente cita en su apoyo no es aplicable a éste, porque en aquél se dirigió la acción contra el marido por deuda contraída durante el matrimonio y de acuerdo con el artículo 1323 los bienes gananciales debían responder de ella.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.