FRANCISCO LARRAZÁBAL, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 719.—*Sometido:* Abril 30, 1928. *Resuelto:* Junio 13, 1928.

*Eduardo López Tizol,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada en el registro una escritura de venta judicial otorgada finalmente a virtud de ciertos pleitos en cobro de dinero seguidos por Francisco Larrazábal en una corte municipal contra Abelardo Hernández, el registrador la inscribió ''en cuanto a la participación que pueda corresponder a Abelardo Hernández en los condominios de 10 cuerdas 87 céntimos y 8 cuerdas 16 céntimos que éste hubo por compra a Domingo Betancourt e Inocencia Mangual,'' negando la inscripción ''en cuanto a la participación, derecho, título e interés que en esos condominios pueda pertenecer a Juana Alejandrina Díaz, esposa que fué del Sr. Hernández, que no aparece vencida en ninguno de los procedimientos relacionados seguidos contra el señor Hernández, sin que tampoco se acredite el origen de la deuda . . .'' También anotó el registrador ''el defecto subsanable de no acreditarse la forma en que se hizo la citación del demandado.''

No conforme Larrazábal interpuso el presente recurso gubernativo.

En su alegato el registrador sostiene que del registro aparece ''que al recurrente le fueron adjudicados dos condominios en cierta finca que el demandado Abelardo Hernández había adquirido por compra uno estando casado con Juana Alejandrina Díaz y otro durante su matrimonio con Carmen Díaz.''

Siendo esto así y no consignándose en las demandas el origen de la deuda para poder determinar si era o no de cargo de alguna de las sociedades gananciales, la nota del registrador está de acuerdo con los hechos y la ley.

Hernández pudo contraer las tres obligaciones objeto de las tres demandas siendo soltero y estando viudo o divorciado

de su primera esposa. En tales casos debe intervenir la esposa misma o sus herederos si es que ha fallecido.

Es cierto que todos los bienes adquiridos a título oneroso durante el matrimonio se presume gananciales, como alega el recurrente, y que siendo el marido el administrador de la dicha sociedad las acciones deben dirigirse contra él, pero también lo es que las deudas contraídas por el marido con anterioridad a la celebración del matrimonio o después de disuelto, no son de cargo de la sociedad de gananciales.

Esta Corte Suprema en el caso de *Hernández Mena* v. *Registrador de Mayagüez*, 22 D.P.R. 642, por medio de su Juez Asociado Sr. Aldrey, dijo: "El hecho de que una sentencia se dicte contra una persona estando casada no es suficiente para llegar a la conclusión de que la obligación que originó la condena fué contraída durante el matrimonio en algún caso en que ella podía obligar a los bienes de la sociedad de gananciales."

Las sentencias, órdenes de ejecución y actas de subasta que se insertan en la escritura de venta judicial, sólo hablan del demandado Abelardo Hernández. Ni siquiera dicen que sea casado, cuando del registro consta que lo fué dos veces, y que siendo casado fué que adquirió los bienes que se embargaron y se adjudicaron al recurrente.

Existe también el defecto subsanable apuntado. Nada aparece en la escritura que demuestre que la corte municipal adquirió jurisdicción sobre la persona del demandado Hernández. No se sabe cómo se dictaron las sentencias, si a virtud de un juicio o si lo fueron en rebeldía. La cuestión no es nueva. En el caso de *Vázquez* v. *El Registrador,* 19 D.P.R. 1133, 1135, esta corte, por medio de su Juez Asociado Sr. Wolf, se expresó así:

"Ya hemos resuelto en el caso de *Carbonell* vs. *El Registrador,* 16 D.P.R. 440, que cuando se obtiene una sentencia en rebeldía y la venta se verifica de conformidad con la misma, estará justificado el registrador al negar la inscripción de la escritura si no ha quedado

probada la forma en que se obtuvo la sentencia en rebeldía. En el caso de referencia la corte tuvo oportunidad de expresar que el notario pudo haber consignado lo omitido en la sentencia, o sea el modo como se obtuvo la rebeldía. Aunque el recurso que ahora consideramos no es un caso en el que conste que se ha dictado sentencia en rebeldía, no existe, sin embargo prueba alguna de cómo adquirió jurisdicción la corte municipal para dictar sentencia contra los demandados, ni contiene la escritura la copia de la sentencia, así como tampoco algo que demuestre que se ha celebrado un juicio o que los demandados se hayan sometido a la jurisdicción de la corte. No existen presunciones en favor de las sentencias de las cortes municipales por no ser éstas cortes de registro. *Galpin* vs. *Page,* 98 Wallace, 365, 366; *Hahn* vs. *Kelly,* 34 Cal. 391; 94 Am. Dec. 742; *McDonald* vs. *Prescott,* 90 Am. Dec. 517, 519. Cuando la sentencia se obtiene en una corte de jurisdicción limitada, y como en este caso, se trata de adquirir un título contra todo el mundo, la persona que solicite la inscripción de su título tendrá la obligación de probar no solamente la venta verificada en pública subasta, sino también la facultad que tenía el márshal para llevar a cabo dicha venta. Esa prueba, tratándose de una corte municipal no resulta de la mera presentación de la orden de ejecución, ni siquiera de la sentencia misma, sino que deberá probarse asimismo la jurisdicción que tenía la corte para dictar dicha sentencia. En otras palabras, en el caso concreto sometido a nuestra consideración debe probarse que la corte adquirió jurisdicción sobre las personas de los demandados.

"Por consiguiente, cuando el márshal otorga escritura de venta a un comprador, generalmente el notario debe incluir la sentencia en la escritura, mostrando además que la corte municipal tenía jurisdicción para dictarla. Y no apareciendo de la referida escritura dicha jurisdicción, los hechos relativos a la misma deberán acreditarse mediante prueba de otra procedencia, quizás por la certificación del secretario de la corte municipal."

*Debe confirmarse la nota recurrida.*