ISMAEL ARCHILLA SILVA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1110.—*Sometido:* Noviembre 2, 1942. *Resuelto:* Noviembre 18, 1942.

*Angel Rivera Colón,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de San Juan, sección segunda, la escritura de venta judicial de dos fincas rústicas otorgada en julio 9, 1941 por el Márshal de la Corte Municipal de Vega Baja a favor de Ismael Archilla, el registrador se negó a inscribirla porque las fincas aparecían inscritas a favor de Pedro Camacho, casado con María de Santiago Crespo y no se acreditaba ni aparecía del documento que se hubiera alegado y justificado el fallecimiento de Camacho.

No conforme Archilla interpuso el presente recurso gubernativo. Sostiene que de la documentación presentada en el registro consta el fallecimiento de Camacho y que habiéndolo estimado probado la corte de justicia que decretó la venta, el registrador no tiene facultad para sustituir su criterio por el de la corte. Cita en apoyo de su contención entre otras la decisión de este tribunal en *Ramírez* v. *Registrador de la Propiedad,* 16 D.P.R. 348, en la que quedó establecido que

"El artículo 18 de la Ley Hipotecaria otorga a los registradores la facultad de calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la autoridad judicial; pero dicha facultad no les autoriza examinar los fundamentos de las resoluciones judiciales, ni apoyarse en la apreciación que hagan de la legalidad de esos fundamentos para el efecto de denegar la inscripción o anotación, por más que les sea permitido considerar si se han dictado con la necesaria competencia en el correspondiente juicio."

Esa cita contiene la jurisprudencia en vigor pero para resolver la cuestión aquí envuelta precisa considerar que la venta de que se trata no fué decretada por una corte de jurisdicción general sino de jurisdicción limitada.

Refiriéndose a esta última clase de cortes se dijo en *Vázquez* v. *El Registrador,* 19 D.P.R. 1133, 1134–1135, lo que sigue:

"Ya hemos resuelto en el caso de *Carbonell* v. *El Registrador,* 16 D.P.R. 440, que cuando se obtiene una sentencia en rebeldía y la venta se verifica de conformidad con la misma, estará justificado el registrador al negar la inscripción de la escritura si no ha quedado probada la forma en que se obtuvo la sentencia en rebeldía. En el caso de referencia la corte tuvo oportunidad de expresar que el notario pudo haber consignado lo omitido en la sentencia, o sea el modo como se obtuvo la rebeldía. Aunque el recurso que ahora consideramos no es un caso en el que conste que se ha dictado sentencia en rebeldía, no existe, sin embargo, prueba alguna de cómo adquirió jurisdicción la corte municipal para dictar sentencia contra los demandados, ni contiene la escritura la copia de la sentencia, así como tampoco algo que demuestre que se ha celebrado un juicio o que los demandados se hayan sometido a la jurisdicción de la corte. No existen presunciones en favor de las sentencias de las cortes municipales por no ser éstas cortes de registro. *Galpin* v. *Page,* 18 Wallace 365, 366; *Hahn* v. *Kelly,* 34 Cal. 391, 94 Am. Dec. 742; *McDonald* v. *Prescott,* 90 Am. Dec. 517, 519. Cuando la sentencia se obtiene en una corte de jurisdicción limitada, y como en este caso, se trata de adquirir un título contra todo el mundo, la persona que solicite la inscripción de su título tendrá la obligación de probar no solamente la venta verificada en pública subasta, sino también la facultad que tenía el márshal para llevar a cabo dicha venta. Esa prueba, tratándose de una corte municipal no resulta de la mera presentación de la orden de ejecución, ni siquiera de la sentencia misma, sino que deberá probarse asimismo la jurisdicción que tenía la corte para dictar dicha sentencia. En otras palabras, en el caso concreto sometido a nuestra consideración debe probarse que la corte adquirió jurisdicción sobre las personas de los demandados.

"Por consiguiente, cuando el márshal otorga escritura de venta a un comprador, generalmente el notario debe incluir la sentencia en la escritura, mostrando además que la corte municipal tenía jurisdicción para dictarla. Y no apareciendo de la referida escritura dicha jurisdicción, los hechos relativos a la misma deberán acreditarse mediante prueba de otra procedencia, quizás por la certificación del secretario de la corte municipal."

Siendo ello así, veamos si del documento presentado en el registro surge la jurisdicción de la corte municipal.

Dicho documento es la escritura otorgada por el Márshal de la Corte Municipal de Vega Baja ante el notario público

Angel Rivera Colón el 9 de julio de 1942 en Vega Baja, Puerto Rico, a favor de Ismael Archilla, a que antes nos referimos.

En él hace constar el notario a virtud de la exposición de las partes que Archilla como demandante radicó en la Corte Municipal de Ciales una demanda en cobro de dinero contra María Santiago Crespo y la sucesión desconocida de Pedro Camacho, habiéndose expedido el emplazamiento que transcribe.

Dicho emplazamiento va dirigido a los demandados y en el cuerpo del mismo se dice:

"Por la presente se notifica a ustedes que se ha presentado en la oficina del secretario de la Corte Municipal del Distrito Judicial Municipal de Ciales, Puerto Rico, la demanda del actor antes citado, en la cual se alega que estando casado Pedro Camacho con la demandada María Santiago Crespo, suscribió y entregó a favor del demandante, y como dos años antes de su fallecimiento, un pagaré por la suma de $400.00 de capital que le facilitó el demandante en calidad de préstamo y cuyo pagaré tiene como término de vencimiento el día 30 de junio de 1936; que dicho pagaré no ha sido satisfecho ni en todo ni en parte, no obstante las gestiones de cobro verificadas por el demandante. . . ."

Seguidamente hace constar el notario que al dorso del emplazamiento aparece el diligenciado que sigue:

"Yo, Santos Otero, juro solemnemente que soy de 34 años de edad y que no soy parte ni tengo interés en este asunto; que recibí el presente emplazamiento el día 15 de agosto de 1940, y que notifiqué el mismo personalmente el día 15 de agosto de 1940 a María Santiago Crespo, demandada mencionada en dicho emplazamiento, entregando dicha demanda (sic) y dejando en su poder personalmente en su residencia del barrio Cieneguetas de Vega Alta, una copia de dicho emplazamiento, una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento, habiendo hecho constar al dorso con mi firma el sitio y fecha de su entrega y notificación; que no pude notificar a ningún heredero de Pedro Camacho porque se desconocen, pues no dejó hijos, padres ni hermanos conocidos, no obstante las gestiones e investigaciones hechas con su viuda y vecinos de dicho barrio."

Siguen conclusiones del notario sobre lo que aparece del pleito—sin que conste que lo tenga a la vista—sobre aseguramiento de sentencia y sobre citación de los herederos desconocidos por medio de edictos y luego transcribe la sentencia de la corte municipal que en lo pertinente dice:

"Llamado este caso en el día de hoy para la vista del juicio, compareció únicamente el demandante representado además por su abogado, quien anunció estar listo. Los demandados fueron debidamente notificados y se encuentran en rebeldía, según aparece de la anotación de rebeldía practicada por el secretario. La parte demandante practicó su prueba. De la prueba documental y testifical aportada en el juicio se desprende que estando casado Pedro Camacho con María Santiago Crespo, suscribió y entregó a favor del demandante un pagaré por $400.00 para vencer en junio 30 del 1936, y que el mismo no procedía de operaciones mercantiles, y que dicha suma no ha sido satisfecha. Por tanto, la corte dicta sentencia, por la cual condena a María Santiago Crespo y a la sucesión desconocida de Pedro Camacho, compuesta de su viuda, la demandada ya mencionada, y sus supuestos herederos John Doe y Richard Roe, a pagar al demandante Ismael Archilla Silva, la suma de $400.00 de capital, intereses legales desde esta fecha, más las costas del pleito. Pronunciada en corte abierta en Ciales, Puerto Rico, hoy día 29 de abril de 1941. (Firmado) Luis Martorell, Juez Municipal."

Vuelve el notario a consignar por sí mismo a virtud de la información de las partes—no consta que tuviera a la vista documento auténtico alguno—que aparece de los autos que la sentencia le fué notificada, sin decir cómo, a María Santiago, y por edictos a los herederos desconocidos de Camacho, y que a solicitud del demandante la corte expidió la orden de ejecución que transcribe dirigida al Márshal de la Corte Municipal de Vega Baja, compareciente, quien manifiesta que en cumplimiento de la misma procedió a vender en pública subasta y al mejor postor las dos fincas embargadas, previa publicación de edictos, levantando el acta que se transcribe y de la cual aparece que se adjudicaron al demandante una finca de treinta y dos cuerdas por doscientos dólares,

y otra de cuarenta y ocho cuerdas por otros doscientos dólares, ambas situadas en el barrio municipal de Cieneguetas del término municipal de Vega Alta. Dichas fincas son las que están inscritas en el registro a favor de Pedro Camacho, casado con María Crespo.

Examinados esos hechos a la luz de lo resuelto en *Vázquez v. El Registrador,* supra, creemos que debe confirmarse la nota recurrida.

Podría concluirse que implícitamente surge de las constancias de la escritura, el fallecimiento de Camacho, pero no que se alegara y probara en forma en el pleito, si que más bien que se partió de él como de algo que se dió por ocurrido.

Y si ello es así, ¿cómo puede aceptarse como comprobada la jurisdicción de la corte para dictar sentencia en contra de sus herederos, sobre los cuales se pasa en forma tan vaga y sin que conste de la escritura que fueran en verdad citados de acuerdo con la ley, a no ser que aceptemos como incontrovertible lo dicho por las partes o la conclusión del notario sobre el particular?

Quizá sea legal todo lo que se hizo no obstante llamar como llama la atención el hecho de la venta de ochenta cuerdas de terreno por cuatrocientos dólares, o sea a razón de cinco dólares la cuerda; quizá la viuda no quiso o no pudo defenderse; quizá es cierto que Camacho contrajo la deuda y no la solventó antes de morir; tal vez no haya herederos menores o mayores que pudieran resultar perjudicados, pero no puede negarse que ello no surge del documento con la claridad y precisión debidas.

En tal virtud no sólo estuvo justificado el registrador si que cumplió con su deber al exigir una comprobación más completa de que el márshal actuó con autoridad al verificar la venta a nombre del verdadero dueño en la realidad y según el registro de las fincas de que se trata. No ha lugar al recurso. *Debe confirmarse la nota.*