456,

J. L. WIEWALL & Co., S. EN C., peticionaria y apelante, *v.* Hon. José N. Quiñones, Juez de la Corte Municipal de Bayamón y Deogracias Alvarez Cintrón, demandados y apelados.

Núm. 8680.—*Sometido:* Febrero 25, 1943. *Resuelto:* Marzo 2, 1943.

*G. Rivera Cestero,* abogado de la apelante; *P. J. Santiago Lavandero,* abogado del demandante en el pleito principal y codemandado en esta acción, apelado; *Hartzell, Kelley & Hartzell y Rafael Hernández, James R. Beverley y José López Baralt, y B. Fernández García,* como *amicus curiae.*

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión a resolver en este caso es la de si una corte municipal tiene jurisdicción para conocer de una reclamación a un patrono por concepto de compensación por trabajo o labor realizados para el mismo por uno o varios obreros o empleados, cuando la cuantía de la reclamación excede de quinientos dólares.

Deogracias Alvarez Cintrón acogiéndose a lo prescrito en la Ley núm. 10 de 1917, II pág. 217, tal como quedó defini-

tivamente enmendada en 1935 por la Ley núm. 40 de ese año, pág. 239, alegando ser un empleado, demandó a su patrono J. L. Wiewall & Co., S. en C., una mercantil de Bayamón, ante la corte municipal de esa ciudad, reclamándole $3,919.40 por concepto de compensación de horas extras trabajadas por él para su patrono que éste no le había satisfecho.

El caso comenzó a tramitarse de acuerdo con las especiales disposiciones de dicha ley y habiendo la corte municipal resuelto en contra de la demandada su impugnación a la jurisdicción de la misma por razón de la cuantía de la reclamación, la demandada compareció ante la corte del distrito y le pidió que expidiera un auto inhibitorio dirigido a la corte municipal y al demandante para que se abstuvieran de nuevos procedimientos en el pleito.

La corte de distrito fijó el dos de octubre de 1942 para mostrar causa, poniendo en entredicho a las partes, y celebrada la audiencia, declaró sin lugar la solicitud, con costas y cincuenta dólares para honorarios de abogado, por estimar que no obstante ser superior a quinientos dólares la cuantía de la reclamación, la corte municipal podía conocer de ella de acuerdo con los términos expresos de la ley especial sobre la materia que dejamos citada.

El patrono apeló y la vista del recurso tuvo lugar el veinticinco de febrero de 1943, con la asistencia e informe no sólo de las partes por sus abogados si que de tres abogados más como amigos de la corte, dos de los cuales lo hicieron en favor de la contención de la parte apelante y uno en pro de la parte apelada.

La decisión de la cuestión envuelta se impone en forma rápida y categórica tanto porque existe un gran número de pleitos de igual naturaleza por cuantiosas sumas pendientes en las cortes municipales de la isla, cuanto por encontrarse en sesión la asamblea legislativa en los momentos actuales y estarse por consiguiente en condiciones de resolver el problema, sin demora, en el caso de que fuere su intervención necesaria.

■ Con respecto a que las cortes municipales son cortes de jurisdicción limitada que fueron creadas para conocer normalmente de todos los asuntos civiles que se promovieran en su distrito hasta la suma de quinientos dólares, intereses inclusive, solamente, y a que siendo ello así su jurisdicción no se presume si que debe aparecer afirmativamente, no hay cuestión. Sección 4 de la Ley sobre Reorganización del Sistema Judicial de Puerto Rico de 1904, pág. 93, Compilación de 1911, págs. 262, 265; artículos 3 y 4, Código de Enjuiciamiento Civil; *Pujals Carlo v. Corte*, 40 D.P.R. 92; *Archilla v. Registrador*, 61 D.P.R. 50; 21 C.J.S. 153.

Dando eso por sentado, debemos preguntarnos: ¿estuvo acertada la corte sentenciadora al resolver que la ley especial de que se trata confirió a las cortes municipales de modo expreso la jurisdicción que sostiene la parte apelante que no tienen?

A nuestro juicio lo estuvo. La ley dice:

"Siempre que un obrero o empleado tuviere que reclamar de su patrono cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin previo aviso y sin causa justificada, podrá comparecer ante la corte municipal del distrito judicial en que realizó el trabajo o en que resida el obrero o empleado en la fecha de la reclamación y formular contra el patrono una querella que extenderá o llenará, según fuere el caso, el juez o el secretario de la corte, en la cual se expresarán bajo juramento, por el obrero o empleado, los hechos en que se funda la reclamación.

"Podrán acumularse en una misma querella las reclamaciones de todos los obreros y empleados de un mismo patrono que hubieran dejado de percibir sus salarios devengados en una obra común; Disponiéndose, que la presentación de una querella por uno o más obreros o empleados, no impedirá la radicación de otras acciones por otros obreros o empleados." Sección 1 de la Ley núm. 10 de 1917 para determinar el procedimiento en caso de reclamación de obreros y empleados contra sus patronos por compensación de su trabajo, según quedó enmendada por la Ley núm. 40 de abril 17, 1935, pág. 239.

. Las palabras "cualquier suma" usadas por el legislador no pueden tener otro significado que el corriente, esto es, que no llevan consigo limitación alguna.

Interpretar la ley en el sentido de que la frase "cualquier suma" debe leerse como "cualquier suma dentro de la jurisdicción de la corte municipal: quinientos dólares," por lógico, o conveniente, o razonable que pudiera resultar, sería variar el precepto legislativo en contra de lo que hablando por sí mismo dice, y eso no pueden hacerlo los tribunales de justicia.

Se invoca la intención legislativa para fijar el alcance de la ley y al efecto como parte del alegato de la apelante se acompañó copia del informe de la Comisión de Trabajo de la Cámara de Representantes sobre el P. de la C. núm. 76 que se convirtió en la Ley núm. 10 de 1917, que dice:

"Gobierno de Puerto Rico, Cámara de Representantes.—San Juan, P. R., Oct. 5, 1917.—A la Cámara de Representantes: La Comisión de Trabajo previo estudio y consideración del P. de la C. No. 76 propone a la Cámara su aprobación con enmiendas que del mismo aparecen.—Entiende la Comisión que esta ley si es aprobada, pondrá en manos de los trabajadores facilidades para hacer reclamaciones que de otro modo, o tal como existe nuestra ley de procedimiento y costas, no pueden hacer tanto porque la importancia de las mismas es pequeña como porque la mayor de las veces carecen de dinero para pagar las erogaciones y honorarios de abogado del caso.—(Firmados) Manuel Texidor, Secretario. Antonio Rodríguez, Presidente."

Y con ese mismo propósito se llama la atención sobre lo sumario del procedimiento y sobre el deber que se impone por la propia ley al juez o al secretario de "llenar la querella," lo que implica que el legislador pensaba en pleitos de mínima cuantía.

No hay duda de que el legislador pensó al redactar la ley en la ayuda rápida y eficaz que debía prestarse primero a los trabajadores agrícolas (ley de 1917) y luego a los obreros y empleados, definiéndolos (enmienda de 1923), extendiéndola más tarde a reclamaciones acumuladas en una misma

querella (enmienda de 1925), proporcionando a los reclamantes además de las facilidades mencionadas en la propia corte, la cooperación de los funcionarios del Departamento ejecutivo del Trabajo del Gobierno, y tampoco la hay de que todo ello conlleva la idea de pleitos de escasa cuantía litigados por personas sin medios para satisfacer honorarios de abogado y sin conocimientos bastantes para redactar la documentación necesaria y dirigir propiamente el curso de la reclamación.

Sin embargo, nada se encuentra en la ley que permita afirmar que la intención legislativa fué la de poner un límite determinado a la cuantía de la reclamación. Más bien lo que se deduce es que el legislador en el momento de redactar la ley no pensó en ese extremo y en tal virtud no pueden ahora los tribunales fijar su pensamiento, especialmente cuando pensando o no en el alcance que pudieran tener, usó palabras cuyo significado, como ya dijimos, no se presta a interpretaciones limitadas.

El hecho de que el propio legislador hubiera organizado antes las cortes municipales fijando el límite de su jurisdicción ordinaria, no ataba necesariamente sus manos para conferir a dichas cortes en el futuro cualquiera otra jurisdicción extraordinaria que estimara procedente. Y jurisdicción extraordinaria fué la que les confirió al encomendarles por la ley de que se trata el conocimiento de esta clase de reclamaciones, promulgando un procedimiento especial para su trámite. No se trata, pues, de una derogación implícita, no favorecida por la ley, sino de leyes que pueden subsistir independientemente. La ley de 1917 sólo rige para el caso determinado para el cual se decretó y la de reorganización de 1904 continúa rigiendo sin ser por ella afectada.

En cuanto a lo sumario del procedimiento, ningún argumento se ha aducido ni ninguna cita legal se ha hecho que justifiquen la conclusión de que no constituya el establecido por el estatuto el debido procedimiento que garantiza

la Constitución, y si se tiene en cuenta que de la sentencia que dicte la corte municipal se puede apelar para ante la corte de distrito celebrándose el juicio de nuevo, se verá que este aspecto de la cuestión en nada ayuda la contención de la apelante.

Se comprende que una reclamación de miles de dólares que requiera el examen de una larga prueba testifical y documental, resulte de difícil ajuste a los términos perentorios del procedimiento especial de que se trata en la corte de primera instancia, pero esa dificultad no es bastante para que los tribunales de justicia intervengan y a virtud de interpretación resuelvan el problema. Esa es cuestión para el legislador. Para el poder judicial se trata sencillamente de un caso de *lex scripta.*

*Debe declararse sin lugar el recurso y confirmarse en todas sus partes la sentencia recurrida. Las costas se impusieron de acuerdo con la ley y nada demuestra abuso de discreción en la concesión de honorarios de abogado.*

El Juez Asociado Sr. De Jesús no intervino.