JULIO PÉREZ, querellante y apelado, *v.* MARCOS PUENTE, haciendo negocios bajo el nombre de M. PUENTE & CÍA., querellado y apelante. LUCIANO LÓPEZ, querellante y apelado, *v.* EL MISMO, querellado y apelante.

Núms. 8671 y 8672.—*Sometidos:* Marzo 15, 1943. *Resueltos:* Marzo 18, 1943.

*Felipe Colón Díaz,* abogado del apelante; *R. Hernández Matos,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Las mociones presentadas por los apelados solicitando la desestimación de estos recursos fueron vistas conjuntamente y en la misma forma las resolveremos en esta opinión.

Aparece de la certificación expedida por el secretario de la Corte de Distrito de Ponce en el recurso 8671 que la Corte Municipal de Ponce declaró sin lugar una querella sobre cobro de salarios radicada por Julio Pérez contra Marcos

Puente, haciendo negocios bajo el nombre de "M. Puente & Co." Apeló el querellante para ante la Corte de Distrito de Ponce y celebrado un juicio *de novo* se dictó sentencia el 15 de diciembre de 1942 declarando con lugar la querella y condenando al querellado a pagar al querellante $1699.06. El 16 de diciembre el secretario de la corte inferior notificó al abogado de récord del querellado, Lic. Felipe Colón Díaz, con copia de la sentencia y el mismo día el secretario archivó en los autos copia de dicha notificación. El 13 de enero de 1943 el querellado radicó en la corte inferior y notificó al querellante su escrito de apelación en este caso.

De la certificación expedida por el secretario en el recurso núm. 8672, aparece que la Corte Municipal de Ponce declaró con lugar otra querella sobre cobro de salarios, en sus dos primeras causas de acción y sin lugar en cuanto a la tercera y que habiendo ambas partes apelado para ante la Corte de Distrito de Ponce y celebrado el juicio *de novo* dictó dicha corte sentencia el 15 de diciembre de 1942 en la misma forma en que lo había hecho la corte municipal y condenó al querellado a pagar al querellante la suma de $2,527.24.

El mismo día, 15 de diciembre, el secretario de la corte inferior notificó al abogado de récord del querellado, Lic. Felipe Colón Díaz, con copia de la sentencia y archivó en los autos copia de dicha notificación. El día 13 de enero de 1943 el querellado radicó en la corte inferior y notificó al querellante su escrito de apelación en este caso.

En sus mociones solicitando la desestimación de estos recursos alega el apelado que esta Corte Suprema carece de jurisdicción para conocer de los mismos porque:

"El término, que tenía el querellado para apelar, tratándose de una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, es de quince (15) días (Art. 295, Inc. 2, Código de Enjuiciamiento Civil; *Vázquez Prada* v. *Martinó,* 46 D.P.R. 305 y *Bianchi* v. *Bianchi,* 40 (*sic*) D.P.R. 751) que empezaron a correr desde la fecha del archivo de dicha notificación de sentencia con los autos, o sea en 16 de diciembre de 1942

y terminaron en 31 de diciembre de 1942 (en el recurso 8671 y un día antes en el 8672). Ese término es aplicable a los casos de cobro de salarios tramitados conforme a la Ley núm. 10 de 1917 (II) según *Padró* v. *A. N. Saab & Co.,* 51 D.P.R. 950.'' (Intercalado subrayado nuestro.)

El querellado apelante se ha opuesto por escrito a las desestimaciones solicitadas alegando lo siguiente:

''Se acepta por esta parte querellada de que el artículo 295 del Código de Enjuiciamiento Civil en su párrafo segundo solamente concede 15 días para apelar de una sentencia dictada en apelación de la corte municipal para ante una corte de distrito; pero, en contrario alega esta parte querellada, de que el artículo 295 del Código de Enjuiciamiento Civil de Puerto Rico, código éste que fué promulgado en 1904, la intención del legislador fué única y exclusivamente al limitar dicho término de 15 días, el de que entonces las sentencias de las cortes municipales no podían exceder de $500 incluyendo intereses. La Ley núm. 10 de 1917 que autoriza estas acciones en cobro de salarios en las cortes municipales de Puerto Rico, o en cualquier cuantía aún excediendo de $500 como últimamente ha resuelto esta Hon. Corte, es posterior a la aprobación del Código de Enjuiciamiento Civil y la intención del legislador no podía ser la de limitar apelaciones en acciones de esta clase al término de 15 días, cuando se trata de una cuantía mayor de $500 como en el caso que nos ocupa.''

La interpretación que quiere darle el apelante al artículo 295 del Código de Enjuiciamiento Civil no puede prevalecer. Es cierto que cuando fué aprobado dicho Código en el año 1904 las cortes municipales sólo podían intervenir en casos en los que la cuantía envuelta no excediera de $500, pero el hecho de que la Legislatura por la Ley núm. 10 de 1917 confiriera jurisdicción extraordinaria para conocer de casos en que el querellante reclamara ''cualquier suma'' no puede interpretarse en el sentido de que tuvo la intención de enmendar implícitamnte el procedimiento apelativo prescrito en el inciso dos del artículo 295 que dispone que podrá establecerse apelación para ante el Tribunal Supremo: ''De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de

los *quince días* después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, *excediera de trescientos dólares.''* (Bastardillas nuestras.)

Por el contrario, ese precepto expresamente dispone que procede la apelación para ante esta Corte Suprema cuando la cuantía de la sentencia ''excediera de trescientos dólares'' y si la Legislatura concedió jurisdicción extraordinaria a las cortes municipales en estos casos, cualquiera que fuera la suma reclamada, según resolvimos en el caso de *J. L. Wiewall & Co., S. en C.* v. *Hon. José N. Quiñones, etc.,* 61 D.P.R. 456 el término de quince días es el aplicable y no el de treinta que provee el inciso 1 del artículo 295, supra.

Ya en el caso de *Padró* v. *A. N. Saab & Co.,* 51 D.P.R. 950 se resolvió en un *per curiam* que el inciso 2 del artículo 295, supra, era aplicable a los casos provistos en la Ley núm. 10 de 1917, al desestimar una apelación en la que la cuantía envuelta era menor de trescientos dólares. En el caso de *Collazo* v. *Corte,* 61 D.P.R. 291, también resolvimos que todos los casos bajo la Ley núm. 10 de 1917, excepto las reclamaciones agrícolas, son apelables para ante esta Corte bajo el inciso 2 del artículo 295, supra, si la cuantía excede de trescientos dólares. El razonamiento del apelante no nos convence de que debamos variar la jurisprudencia sentada en dichos casos. Es éste otro aspecto de los distintos problemas que surgen de la aplicación de la Ley núm. 10 de 1917 que sólo pueden ser remediados por acción legislativa.

Arguye, por último, el apelante que la notificación de la sentencia en la corte inferior se hizo a ''Marcos Puente'' y no a ''Marcos Puente haciendo negocios bajo el nombre de M. Puente & Co.'' que es la verdadera parte demandada y perjudicada.

Carece de méritos la cuestión. En primer término, la notificación se hizo al ''Lic. Felipe Colón Díaz, Ponce, P. R.'' por ser el representante de la parte perjudicada, apareciendo

de la certificación del secretario que dicho letrado fué el abogado del querellado en estos casos, y la sección 2 de la Ley de 9 de marzo de 1911 dispone que será deber del secretario enviar "a la parte perjudicada o *a su abogado*" la notificación de la sentencia. Y eso fué lo que hizo dicho funcionario.

El hecho de que en el título de la notificación se hiciera constar que las partes eran: "Julio Pérez, demandante v. Marcos Puente, demandado" y se omitiera la frase "haciendo negocios bajo el nombre de M. Puente & Co." no es un error sustancial que afecte la validez de dicha notificación.

*Se declaran con lugar las mociones y en su consecuencia se desestiman los recursos.*

El Juez Asociado Sr. De Jesús no intervino.